## Case No. 802.
### BALDWIN v. RAPLEE.
[5 N. B. R. 19.]

Circuit Court, N. D. New York. June Term, 1871.

BANKRUPTCY—APPEAL—JURISDICTION—FILING OF TRANSCRIPT.

[1. The circuit court obtains jurisdiction of an appeal from a decree of the district court by filing and serving notice of appeal, and not by the filing of the transcript.]

[2. The time for filing the transmiss may, by consent of the parties, be extended beyond the time specified in the statute, the statutory provision being only directory.]

[Cited in Morris v. Brush, Case No. 9,828.]

[See Sweatt v. Boston, H. & E. R. Co., Case No. 13,684.]

[Appeal from the district court of the United States for the northern district of New York.

[In equity. Bill by Mason L. Baldwin, assignee in bankruptcy of Jefferson T. Raplee, to set aside a mortgage executed by the bankrupt. Decree for complainant. Respondent appeals. Heard on motion to dismiss the appeal. Denied.]

In December, 1870, a decree of the district court was entered in favor of the complainant. [Baldwin v. Raplee, Case No. 801.] The respondent filed notice of appeal, gave the requisite bond, and had a citation issued all within ten days and in due time; but the transcript upon appeal was not filed in the circuit court until May, 1871, and after two terms had passed. This had happened through an agreement of counsel that the transcript should be printed before being filed, and the appeal and the argument were stipulated over the two intervening terms. A motion was now made to dismiss the appeal because the transcript was not filed, and the appeal thus entered at the term next after the taking of the appeal, and it was claimed that this was a matter of jurisdiction and could not be waived by stipulation. [Denied.]

C. G. Judd, for the motion.

Wm. Kernan, opposed.

Before WOODRUFF, Circuit Judge, and HALL, District Judge.

WOODRUFF, Circuit Judge, denied the motion, and said that while the sweeping language used by Chief Justice Chase in Alexander's Case, [Case No. 160,] seemed to imply that the motion should be granted, yet it was evident that no such question was before him, and his language was not as well considered as if the points had been argued.

That while there would not be any doubt that if the appeal were not taken in ten days under section eight, this court would not and could not get any jurisdiction of the appeal. Yet the court does, by the filing and serving notice of appeal within the ten days, obtain jurisdiction, and that the words of the eighth section which refer to the entering of the appeal at the next circuit, are merely directory, and that the time for filing the transcript may be enlarged by agreement, as was done in this case.